[640 NYS2d 808]

In the Matter of LESLIE R. BARTH, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, April 8, 1996

## APPEARANCES OF COUNSEL

*Gary L. Casella,* White Plains *(Forrest Strauss* of counsel), for petitioner.

## OPINION OF THE COURT

Per Curiam.

By order of the State of Connecticut Superior Court, dated August 3, 1994, the respondent was disbarred from the practice of law in that State pursuant to section 28B.1 of the Practice

Book. The respondent's misconduct involved his conviction in the United States District Court, District of Connecticut, on May 11, 1994, of one count of wire fraud in violation of 18 USC § 1343 and 12 counts of mail fraud in violation of 18 USC § 1341.

On January 18, 1995, the respondent was personally served with a notice pursuant to 22 NYCRR 691.3 (b), informing him of his right to interpose certain enumerated defenses to the imposition of discipline in New York. The respondent submitted a verified statement in reply to the Grievance Committee's motion, in which he maintains that he was deprived of due process in that no hearing was held as a result of the notice being sent to an improper address; that there was an infirmity of proof establishing the misconduct in the foreign jurisdiction because no hearing was held there; and that the imposition of discipline by this Court would be unjust inasmuch as no hearing was held in the foreign jurisdiction. By order of this Court, dated February 22, 1995, the petitioner's motion to impose discipline was held in abeyance pending a hearing pursuant to 22 NYCRR 691.3 (d) and the Honorable Ann B. Dufficy was appointed as Special Referee to hear and report. A hearing was conducted on June 19, 1995, at which the respondent appeared *pro se*. The Special Referee advised the respondent to be prepared to present any witnesses, papers, or other matters he wished the Court to consider on the final hearing date, which was scheduled for July 7, 1995. The respondent failed to appear at the designated time, notwithstanding a telephone call placed to his office.

The respondent, who defaulted without presenting any evidence on his behalf, failed to rebut or otherwise impeach the evidence introduced by petitioner.

Based on the evidence adduced, the Special Referee found that the respondent had not been denied his right to due process by the State of Connecticut in that ample proof of his misconduct was before the court that disbarred him. The Special Referee further properly found that the imposition of discipline by this Court would not be unjust under the circumstances.

Accordingly, the respondent is disbarred.

MANGANO, P. J., BRACKEN, BALLETTA, ROSENBLATT and FRIEDMANN, JJ., concur.

Ordered that the petitioner's motion is granted; and it is further,

Ordered that pursuant to 22 NYCRR 691.3, effective immediately, the respondent, Lèslie R. Barth, is disbarred and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall promptly comply with this Court's rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Leslie R. Barth, is commanded to desist and refrain (1) from practicing law in any form, either as principal or agent, clerk or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.